**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7634**

WILHELMINA WASHINGTON,

Plaintiff - Appellant,

v.

ALAN WILSON, in his individual capacity as the Attorney General of the State of South Carolina; WAYNE ALLEN MYRICK, JR., in his individual capacity as Senior Assistant Deputy Attorney General; SOUTH CAROLINA OFFICE OF ATTORNEY GENERAL,

Defendants - Appellees,

and

JOHN E FOLLIN, III, in his individual capacity as Special Agent with the South Carolina Law Enforcement Division; SOUTH CAROLINA LAW ENFORCEMENT DIVISION; MEGAN WINES BURCHSTEAD, in her individual capacity as Assistant Attorney General,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:14-cv-00416-RBH)

Submitted: August 25, 2017                    Decided: September 26, 2017

Before TRAXLER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patrick J. McLaughlin, WUKELA LAW FIRM, Florence, South Carolina, for Appellant. Eugene H. Matthews, RICHARDSON PLOWDEN & ROBINSON, P.A., Columbia, South Carolina; Alan Wilson, Attorney General, Robert D. Cook, Solicitor General, J. Emory Smith, Jr., Deputy Solicitor General, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilhelmina Washington, formerly a clerk of a municipal court in Florence County, South Carolina, was charged with forgery and misconduct in office. The South Carolina Attorney General's Office conducted the prosecution. Washington's first trial and a retrial both ended in a hung jury and mistrial. The charges against Washington were dismissed. Washington then filed suit against the South Carolina Attorney General, a Senior Assistant Deputy Attorney General, the trial attorney, and the South Carolina Attorney General's Office itself ("SCAG") (collectively, "SCAG Defendants"), along with a Special Agent of the South Carolina Law Enforcement Division ("SLED") and SLED itself. Washington alleged that her prosecution was vindictive and improper and in violation of 42 U.S.C. § 1983 (2012) and the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 to 15-78-220 (2005 & Supp. 2016). The district court adopted the magistrate judge's recommendation to grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by the SCAG Defendants on the grounds of absolute prosecutorial immunity. The claims against the SLED agent and SLED were ultimately resolved, and are not before us on appeal.

Washington appeals from the order granting the SCAG Defendants' motion to dismiss. She raises two issues as to all SCAG Defendants except the trial attorney ("the Supervisory Defendants"): (1) whether the district court erred as a matter of law in ruling that the Supervisory Defendants were entitled to absolute immunity, thus barring her federal and state claims; and (2) whether the district court committed an error of law by resolving factual disputes in favor of the Supervisory Defendants. We affirm.

3

We review de novo a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion, accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Mason v. Machine Zone, Inc.*, 851 F.3d 315, 319 (4th Cir. 2017). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We review de novo a district court's grant of a motion to dismiss on grounds of prosecutorial immunity. *Cf. Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) (applying de novo review to grant of summary judgment on prosecutorial immunity grounds).

First, as the district court properly concluded, the Supervisory Defendants' disputed conduct merited absolute prosecutorial immunity because their actions and inactions arose from their roles as advocates for the State of South Carolina in prosecuting Washington. *See Imbler v. Pachtman,* 424 U.S. 409, 423-28 (1976) (holding prosecutor, as quasijudicial officer, enjoys absolute immunity when performing prosecutorial functions as State advocate); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009) (using functional test to determine whether absolute prosecutorial immunity applies; holding supervisory prosecutors warrant same protection as trial prosecutors); *Burns v. Reed*, 500 U.S. 478, 486 (1991) (collecting cases applying functional approach to immunity analysis).

Second, we find no reversible error in the district court's legal conclusion that the contested actions and inactions of the Supervisory Defendants were part of the prosecution of Washington. While the district court, in analyzing the SCAG Defendants'

4

Rule 12(b)(6) motion, was required to accept Washington's factual allegations in the complaint as true and draw all reasonable inferences in her favor, *Mason*, 851 F.3d at 319, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (brackets and internal quotation marks omitted). Thus, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Accordingly, we affirm on the reasoning of the district court. *Washington v. Wilson*, No. 4:14-cv-00416-RBH (D.S.C. Sept. 24, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5